CITY OF ROYAL OAK *v.* ROSELAND PARK
CEMETERY ASSOCIATION

1. CEMETERIES—NONPROFIT CEMETERIES—ORGANIZED FOR PROFIT—
   SPECIAL ASSESSMENTS—LIABILITY.

   The rule that a nonprofit cemetery's funds and personal property
   necessary for its upkeep, care and maintenance are exempt
   from levy and sale in order to satisfy a special assessment
   does not apply to cemetery companies organized for profit.

2. CEMETERIES—PROFIT-MAKING CEMETERIES—SPECIAL ASSESSMENT
   LIABILITY.

   Defendant cemetery corporation, organized for profit, was liable
   for a delinquent special assessment for a sidewalk constructed
   adjacent to its property where its personal property consisted
   of more than reserve funds used to maintain the cemetery,
   it did not contend that it lacked assets apart from its per-
   petual care reserves from which the special assessment could
   be paid and, by its own inaction was precluded from asserting
   that it received no special benefit from the public improve-
   ment.

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 February 11, 1970, at Detroit.
(Docket No. 7,050.)   Decided March 26, 1970.

Complaint by the city of Royal Oak, a municipal
corporation, against the Roseland Park Cemetery
Association, a Michigan corporation, for collection
of a delinquent assessment. Summary judgment for
plaintiff. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur, Special or Local Assessments §§ 98–102.

*Allan G. Hertler,* City Attorney, and *Daniel Sawicki,* Assistant City Attorney, for plaintiff.

*Daniel Hodgman,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

R. B. BURNS, J.   Plaintiff levied a special assessment against the defendant, a rural cemetery corporation,* for the cost of constructing a sidewalk adjacent to defendant's property.   Although defendant had proper notice, it voiced no objections to the proposed sidewalk or assessment.   However, after construction was completed, it denied liability for payment.   Pursuant to its city charter plaintiff brought suit to collect the delinquent assessment and was granted a summary judgment.   Defendant appeals contending it was not subject to suit because it was exempt from special assessments.

Two policies are involved in this case; the policy of preserving and protecting burial rights and the places of the dead and the policy of allocating the costs of a municipal improvement among those benefited by that improvement.   The decisive question is whether there would be any conflict between the two policies by holding defendant liable to suit for the collection of the assessment.   The principal cases relied on by defendant do not convince us that such a conflict exists.

In *Woodmere Cemetery Association* v. *City of Detroit* (1916), 192 Mich 553, the Court held that no lien could attach to cemetery property devoted to burial purposes and that land so devoted could not be sold to collect a special assessment.   The city

---

* Organized under the rural cemetery act, MCLA § 456.101 (Stat Ann 1963 Rev § 21.871).

of Detroit had sold cemetery land in which were buried over 50,000 bodies. There was no question that the policy of preserving the places of the dead was violated by this action. The dissenting judges, being 1/2 of the Court, agreed the cemetery lands could not be sold to collect the special assessment but were of the opinion that payment of the assessment could be realized by any other assets reachable by execution. The majority, being the other 1/2 of the Court, did not consider it a material question whether the city could bring suit for the debt in order to collect the assessment.

In *Forest Hill Cemetery Co. v. City of Ann Arbor* (1942), 303 Mich 56, the Court held that a nonprofit cemetery's funds and personal property necessary for the upkeep, care and maintenance of the cemetery were exempt from levy and sale in order to satisfy a special assessment. The decision was based on the fact that the nonprofit cemetery's personal property was mainly certain reserve funds used for maintaining the burial places. To allow such funds to be taken to satisfy a special assessment would thus violate the policy of preserving the places of the dead. The Court stated that its conclusion would not necessarily apply to cemetery companies organized for profit.

Defendant is a corporation organized for profit. Presumably its personal property consists of more than reserve funds used to maintain the cemetery. In fact, although it maintains that 71% of its cemetery lots have been sold, defendant has not contended that it lacks assets apart from its perpetual care reserves from which the special assessment could be paid. We find no Michigan decisions or reasons of policy that preclude plaintiff from seeking a personal judgment holding defendant liable in debt in order to collect the special assessment. Defendant

was subject to suit and was not exempt from payment. Furthermore, defendant's own inaction prevents it from now asserting that it received no special benefit from the public improvement. *Forest Hill Cemetery, supra; Nowlen* v. *City of Benton Harbor* (1903), 134 Mich 401.

Affirmed. Costs to plaintiff.

All concurred.